United States District Court

Northern District of California

San Francisco

| | |
|---|---|
| AURELIA PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | Case No.: C 11-01930 LB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Plaintiff Aurelia Price moves for summary judgement, seeking judicial review of a final decision by the Social Security Administration, which determined that Price is ineligible for either Supplement Security Income benefits (hereinafter, "SSI") or Social Security Disability Insurance (hereinafter, "SSDI") under the Social Security Act. Plaintiff's Motion, ECF No. 12 at 1.[1]  Price argues that the administrative law judge erred by (1) not giving proper weight to the opinion of the treating psychologist and (2) failing to fully develop the record. *Id.*  Commissioner Michael J. Astrue also moves for summary judgment, countering that the ALJ properly evaluated the treating psychologist's opinion given the other medical evidence in the record and that there were no factual ambiguities that required further factual inquiry.  Defendant's Motion, ECF No. 16 at 4-7.

---

1　Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Pursuant to Civil Local Rule 16-5, the matter is deemed submitted for decision by this court without oral argument. All parties have consented to the court's jurisdiction. *See* ECF Nos. 4 and 5.

## II. PROCEDURAL HISTORY

On August 24, 2007, Price applied for SSI and SSDI, alleging that she became disabled on May 1, 2006. AR 89-90, 120-27.[2] On December 7, 2007, her application was denied initially. AR 90-97. On June 11, 2008, Price's application was denied on reconsideration. AR 107-11. Price timely requested a hearing on June 26, 2008. AR 114. Administrative Law Judge Robert Erickson (hereinafter, "ALJ") held a hearing on July 31, 2009, at which Price appeared represented by counsel. AR 45-88. A vocational expert testified. *Id.* On October 27, 2009, the ALJ issued a decision, which found that Price was not disabled because her substance use disorder was a contributing factor material to the determination of her disability. AR 15-26. The ALJ, therefore, denied her application for SSDI and SSI benefits. *Id.* The Appeals Council denied Price's request for review on February 25, 2011. AR 1-3. On April 21, 2011, Price filed a complaint, appealing the ALJ's October 27, 2009 decision. ECF No. 1 at 1.

## III. LEGAL STANDARDS

**A. Standard of Review**

Under 42 U.S.C. § 405(g), district courts have jurisdiction to review any final decision of the Commissioner if the plaintiff initiates the suit within 60 days of the decision. District courts may set aside the Commissioner's denial of benefits only if the ALJ's "findings are based on legal error or are not supported by substantial evidence in the record as a whole." 42 U.S.C. § 405(g); *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If the evidence in the administrative record supports both the ALJ's decision and a different outcome, the court must defer to the ALJ's decision and may not

---

   2   Citations to the Administrative Record are designated "AR" followed by the page number.

2

substitute its own decision. *See id.*; *accord Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999).

Regardless as to whether the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Batson*, 359 F.3d at 1193.

Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

**B. Applicable Law: Five Steps To Determine Disability**

An SSI claimant is considered disabled if (1) he suffers from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the "impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A) & (B).

The Social Security regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520. The five steps are as follows:

**Step One.** Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" and is not entitled to benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one, and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(a)(4)(I).

**Step Two.** Is the claimant's impairment (or combination of impairments) severe? If not, the claimant is not disabled. If so, the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

**Step Three.** Does the impairment "meet or equal" one of a list of specified impairments described in the regulations? If so, the claimant is disabled and is entitled to benefits. If the claimant's impairment does not meet or equal one of the impairments listed in the regulations, then the case cannot be resolved at step three, and the evaluation proceeds to step four. *See* 20

3

C.F.R. ss 404.1520(a)(4)(iii).

**Step Four.** Considering the claimant's residual functional capacity, is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled and is not entitled to benefits. If the claimant cannot do any work he or she did in the past, then the case cannot be resolved at step four, and the case proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

**Step Five.** Considering the claimant's residual functional capacity, age, education, and work experience, is the claimant able to "make an adjustment to other work?" If not, then the claimant is disabled and entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is able to do other work, the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to show other jobs in significant numbers in the national economy: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R., part 404, subpart P, app. 2. If the Commissioner meets this burden, the claimant is not disabled.

For steps one through four, the burden of proof is on the claimant. At step five, the burden shifts to the Commissioner. *See Tackett*, 180 F.3d at 1098.

When determining whether a claimant is disabled, the ALJ must consider each medical opinion in the record together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b); *Zamora v. Astrue*, No. C 09-3273 JF, 2010 WL 3814179, at *3 (N.D. Cal. Sept. 27, 2010). "Opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 416.927(d)(1)-(2)); *see also* 20 C.F.R. § 404.1527(d). A treating physician's opinion is accorded controlling weight if it is supported by "medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record." *See Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). It is not entitled to controlling weight, however, where substantial evidence in the record contradicts the opinion. *See Orn*, 495 F.3d at 632 (citing 20 C.F.R. § 404.1527(d)(2)).

A finding that the claimant is disabled under the five-step inquiry does not automatically qualify a claimant for disability benefits if the record indicates the claimant suffers drug or alcohol addiction. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.2007); *Bustamante v. Massanari*,

4

262 F.3d 949, 954 (9th Cir. 2001); 42 U.S.C. §§ 423(d)(2)(C), 1382(a)(3)(J).  In such cases, "the ALJ must conduct a drug and alcoholism analysis by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Parra*, 481 F.3d at 747; *see also* 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2); *Bustamante*, 262 F.3d at 954; *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).  If drug or alcohol addiction is a "contributing factor material to the Commissioner's determination that the individual is disabled," then the claimant is not eligible for disability benefits.  42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(a), 416.935(a). The Ninth Circuit has stressed that courts must not "fail[ ] to distinguish between substance abuse contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).  That is, "[j]ust because substance abuse contributes to a disability does not mean that when the substance abuse ends, the disability will too." *Id.*  The burden, however, rests on the claimant to prove that drug or alcohol abuse is not a contributing factor material to her disability. *Parra*, 481 F.3d at 748.

## IV.  ALJ'S FINDINGS

### A. ALJ's Original 5-Step Analysis

At step one in his original analysis, the ALJ found that Price "has not engaged in substantial gainful activity since May 1, 2006, the alleged onset date."  AR 18.

At step two, the ALJ found that Price has the following severe impairments: polysubstance abuse; affective/anxiety disorder; generalized pain; and fibroids.  *Id.*  The ALJ determined that Price's impairments are severe because they significantly limit her ability to perform some basic work activities.  *Id.*

At step three, the ALJ found that Price's impairments did not meet or equal any of the specified impairments described in the regulations.  *Id.* at 18-19.

At step four, the ALJ considered Price's residual functional capacity, finding that she could "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except occasional push/pull with upper and lower extremities, bilaterally; occasionally climb ladders, stoop, crouch, and kneel; occasional complex tasks and constant simple repetitive tasks; and can be anticipated,

1  on an unscheduled basis, to miss 2 days of work a month." *Id.* at19.  In support of this
2  conclusion, the ALJ found Price credible as to her depression and fibroids. *Id.*  The ALJ also
3  noted Price's drug use and her other reported behaviors (e.g., that she does not get dressed daily).
4  *Id.* at 19-20.  The ALJ also discussed Dr. Pon's physical evaluation of Price, which found that she
5  could physically perform the light work described above. *Id.*  Relying on the vocational expert's
6  testimony, the ALJ then determined that Price is unable to perform any past relevant work, noting
7  that Price had past relevant work as consultant and executive secretary, which are sedentary and
8  require constant tasks. *Id.* at 20.

9  Finally, at step five, again relying on the vocational expert's testimony, the ALJ found that
10  Price was unable to make a successful vocational adjustment to work that exists in significant
11  numbers in the national economy based on her residual functional capacity, age, education, and
12  work experience. *Id.* at 21.  The ALJ commented, however, that Price would be able to make
13  such adjustment if she could perform the full range of light work. *Id.*

**B.  ALJ's Drug and Alcohol Addiction 5-Step Analysis**

15  As to step one, the original analysis and determination did not rely on Price's substance use.
16  Accordingly, the ALJ did not need to revisit his initial finding.

17  At step two, the ALJ found that Price's affective/anxiety disorder, generalized pain, and
18  fibroids constitute a significant limitations to Price's ability to perform basic work activities, even
19  when her substance use was not considered. *Id.* at 21.

20  At step three, the ALJ again found that Price's impairments do not meet or equal any of the
21  specified impairments described in the regulations. *Id.* at 22.

22  At step four, the ALJ found that, if Price stopped her substance use, she "would have the
23  residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and
24  416.967(b) except occasional push/pull with upper and lower extremities, bilaterally; occasionally
25  climb ladders, stoop, crouch, and kneel; and occasional complex tasks and constant simple
26  repetitive tasks." *Id.*  This assessment differs from the ALJ's original determination only in that it
27  does not include his original finding that Price could be anticipated to miss two days of work a
28  month on an unscheduled basis. *Id.* at 19, 22.

6

The ALJ explained that he did not find Price's statements concerning the intensity, persistence and limiting effects of her symptoms to be credible to the extent that they were inconsistent with the residual functional capacity assessment. *Id.* at 23.

The ALJ's report also states:

> The undersigned finds it noteworthy to mention that in spite of fibroid tumors, generalized pain, and depression, claimant continued to smoke marijuana with occasional alcohol use. It is highly likely that its use is exacerbating all physical and mental problems that claimant alleged. Moreover, treating sources have specifically urged the claimant to stop smoking THC.

*Id.* at 24.

The ALJ gave significant weight to the opinions of the state agency physicians and consultants who completed the physical/mental functional capacity assessments and psychiatric review technique because their opinions were consistent with the record. *Id.* The opinion of Dr. Pon was given significant weight because he had the opportunity to meet with, question and evaluate the claimant. *Id.* The ALJ assigned little weight to opinion of Dr. Cotton's report because, according to the ALJ, it gave consideration to the effects of claimant's polysubstance use. *Id.*

The ALJ noted that Price did not present any testimony from any of her treaters that she would have limitations that meet the criteria for disability absent her use of marijuana. *Id.*

At step five, the ALJ determined that the transferability of job skills is not material to the determination of disability, stating that the Medical-Vocational Rules supports a finding that Price is not disabled. *Id.* at 24-25. And, based on the vocational expert's testimony, the ALJ concluded that, if Price stopped her substance use, she would be capable of making a successful adjustment to work that exists in significant numbers in the national economy and that a finding of "not disabled" was appropriate. *Id.*

## V. DISCUSSION

At issue in this case is only whether the ALJ erred in his determination that Price's marijuana use was a contributing factor material to the disability determination made pursuant to the five-step inquiry. As described above, in the ALJ's initial assessment, the ALJ applied the five-step

inquiry and determined that Price was disabled when including impairments caused by her substance abuse. *See* AR 17-21. The ALJ then discussed whether Price's drug addiction was a contributing factor to the initial disability determination, concluding that it was. *Id.* at 21-25.

Price argues that the ALJ disregarded the diagnosis of her treating psychologist, Dr. Cotton, and drew his own conclusion that Price's "overall functioning" was "significantly diminished" by the "pervasive effect" of substance abuse. Price's Motion, ECF No. 12 at 5. Price asserts that Dr. Cotton provided extensive notes that discussed Price's use of marijuana and stated that Price used it in order to numb negative feelings and to cope with internal and external realities. *Id.* Price further contends that Dr. Cotton was well aware of Price's marijuana use and never officially diagnosed Price with a substance abuse problem. *Id.* According to Price, instead, Dr. Cotton temporarily offered a tentative diagnosis of rule-out cannabis abuse that Price asserts was removed from her diagnoses by March 13, 2008. *Id.*

Astrue discusses the evidence upon which the ALJ relied. ECF No. 16 at 4-5. But Astrue does not directly provide an argument supporting or explaining the ALJ's rationale for assigning little weight to Dr. Cotton's diagnosis, which was ostensibly because Dr. Cotton gave no consideration to the effects of Price's marijuana use. *Id.* at 4 (citing AR 24). Here, Astrue instead reframes the argument, contending that Price's sole objection to the ALJ's analysis is the ALJ's consideration of her drug use. *Id.* at 5. Astrue contends that Price is mistaken in her claim that the "rule-out cannabis" diagnosis was omitted from Dr. Cotton's March 2008 opinion. *Id.* at 6 (citing AR 252). Astrue asserts that Dr. Cotton's March 2008 opinion not only includes that diagnosis but also notes Price's daily marijuana use. *Id.* Additionally, Astrue argues that the determination as to whether a drug addiction is a contributing factor material to the determination of disability is an administrative decision given to the ALJ. *Id.* (citing 20 C.F.R. §§ 404.1535(b), 416.935(b)).

To the first issue, Dr. Cotton's March 2008 opinion mentions Price's daily marijuana use and lists "Rule-Out Cannabis Abuse" under the heading, "Diagnostic Profile as of 12/20/07." AR 250, 252. The March 2008 opinion also includes a diagnostic profile from April 2007. AR 251-52. It is ambiguous as to whether Dr. Cotton's March 2008 opinion included a then-current

8

1    diagnosis of rule-out cannabis abuse or just collected prior diagnoses. *Id.* The ALJ is charged to
2    resolve ambiguities in the medical record. On the other hand, the inclusion of notes regarding
3    marijuana use undercuts the ALJ's purported reason for assigning little weight to Dr. Cotton's
4    opinion, as it reflects Dr. Cotton's awareness of the issue. Additionally, in *Nieves v. Astrue*, Civil
5    Action No. 06-cv-02478-REB, 2008 WL 4277995 (D. Colo. Sept. 16, 2008), the district court
6    held that the fact that the plaintiff's physician did not specifically discuss whether or how the
7    plaintiff's mental condition would be affected in the absence of drug and alcohol use was not
8    proper grounds for discrediting the physician's findings. 2008 WL 4277995, at *4.

9    Regardless, it is the second issue that is dispositive here. Astrue cites decisions that generally
10   refer to the ALJ's authority to disregard a treating physician's opinion, resolve ambiguitities in
11   the medical evidence, and determine if the claimant would still be found disabled if the claimant
12   stopped using alcohol or drugs. ECF No 16 at 5-6. But the cited decisions do not answer the
13   question presented here: what sort of medical evidence in the record is sufficient for the ALJ to
14   determine if the claimant would still be found disabled if the claimant stopped using alcohol or
15   drugs.

16   And, this issue leads to Price's argument that the ALJ failed to develop the record. Price's
17   Motion, ECF No. 12 at 5. Price observes that the ALJ has the duty "to investigate the facts and
18   develop the arguments both for and against granting benefits." *Id.* (quoting *Sims v. Apfel*, 530
19   U.S. 103, 111 (2000)). Price contends that the ALJ failed in this duty because, if the ALJ found
20   that Price had a substance abuse disorder, and did not find the evidence from the treating
21   psychologist sufficient, he should have developed the record to support his speculation. *Id.* Price
22   argues that nowhere in the record, aside from the ALJ's decision, does it state that marijuana use
23   was material to Price's disability. *Id.*

24   Astrue asserts that there were no ambiguities that required further factual development
25   because the treatment records and opinion evidence contain numerous references to Price's daily
26   drug use, which Price acknowledged interfered with her ability to obtain some social services and
27   made her feel so "out of it" she had to discontinue it before talking to her care providers. ECF No
28   16 at 6 (citing AR 224). Astrue also rejects Price's contention that the ALJ had a duty to develop

9

the record as to whether Price's marijuana use was relevant, arguing that the ALJ's duty to develop the record further was not triggered because Price admitted that her use of marijuana made her numb. *Id.*

As noted above, the burden rests on the claimant to prove that drug or alcohol abuse is not a contributing factor material to her disability. *Parra*, 481 F.3d at 748. And, based on this reading, in another case from this state, a district court determined that the ALJ reasonably concluded that substance abuse was a contributing factor material to the plaintiff's disability where the plaintiff pointed to no medical source opinion or other evidence that demonstrates the plaintiff would suffer from disabling impairments absent her drug addiction. *See Castagnola v. Astrue*, No. EDCV 09-1992 JC, 2010 WL 4673719, at *3 (C.D. Cal. Oct. 5, 2010).

But, broadly, the ALJ has "'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Wildmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). And the ALJ's duty is triggered when "the record is inadequate to allow for proper evaluation of the evidence." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010). And, contrary to the outcome in *Castagnola*, the majority of cases that address the specific issue present in this case (i.e., whether an ALJ may reasonably conclude that a plaintiff would suffer from disabling impairments absent his or her drug or alcohol addiction when there is no medical evidence that directly speaks to the claimant's abilities absent the drug or alcohol abuse) hold that the ALJ must develop the record further. *See generally Frizzell v. Astrue*, No. CIV S-09-2914 GGH, 2011 WL 476433, at *6 (E.D. Cal. Feb. 4, 2011) ("In many cases involving substance abuse and mental health issues, it would behoove the ALJ to appoint a consulting expert to opine, based on a review of all the records, whether absent drug abuse, plaintiff's mental deficiencies would still be disabling."). For example, in *Lewis v. Astrue*, No. CV 10–00119 CW, 2010 WL 4718792 (C.D. Cal. Nov. 15, 2010), the district court determined that the Commissioner's finding that substance abuse was a contributing factor material to the finding of disability was not supported by substantial evidence, in part, because the record did "not contain a clear statement from a medical professional as to the effect on Plaintiff's claimed mental impairment if she were to abstain from all substance abuse." 2010 WL 4718792

10

at *6.  The court concluded that remand for further development of the record was appropriate.  *Id.*  Likewise, in *Amaro v. Astrue*, No. CV 09-2294 JCG, 2011 WL 871474 (C.D. Cal. Mar. 14, 2011), the district court observed that the medical examiner stated that "[a]bsen[t] substance abuse," he would "expect [the limitations] to be significantly less[,]" but would need "more information" such as "actual drug screenings" to make a conclusive determination.  2011 WL 871474, at *6.  The court then held that there was not substantial evidence in the record to show that substance abuse was a material contributing factor and that, absent the abuse, the plaintiff had the capacity to work and sustain employment.  *Id.* at 7.  The court explained, "Because the record does not contain a clear statement from a medical professional supported by substantial evidence as to the effect on Plaintiff's mental impairments if she were to abstain from all substance abuse, on remand, the ALJ shall obtain additional information and clarification regarding Plaintiff's limitations if she were to abstain from all substance abuse."  *Id.*

Courts also have observed that, according to the SSA itself, the "[t]he most useful evidence" in making the materiality finding is evidence "relating to a period when the individual was not using drugs/alcohol."  *See, e.g., Kirk v. Astrue*, 723 F.Supp.2d 693, 697 (D. Del. 2010)  (quoting Social Security Administration, Questions and Answers Concerning DAA from the 07/02/96 Teleconference, No. EM-96200 (Aug. 30, 1996)); *Nieves*, 2008 WL 4277995, at *4.  As the United States Court of Appeals for the Tenth Circuit has observed, the SSA administrative material that sets forth this principle also suggests that a medical professional must project what limitations would remain if the individual stopped using drugs or alcohol and that the ALJ should not make a finding that the individual's drug or alcohol addiction is a contributing factor material to the determination of disability absent such a projection.  *See Salazar v. Barnhart*, 468 F.3d 615, 623-24 (10th Cir. 2006).

The undersigned agrees with the reasoning of these courts.  Here, the record did not include either any statement from a medical professional that projected what limitations would remain if Price stopped using drugs or any evidence of changes in Price's behavior when she was not using drugs.  Instead, there is only (1) the ALJ's unsupported assertion that "It is highly likely that [Price's marijuana] use is exacerbating all physical and mental problems that claimant alleged"

11

and (2) the ALJ's observation that Price's physicians have recommended that she discontinue the use of marijuana. AR 24. The first statement appears to be the ALJ's guess, without any record evidence to support it. The second statement does not contain any actual citations to the record and the court's review did not find any explicit recommendation. Moreover, while any such recommendation would reasonably imply that Price's overall health would be improved if she discontinued her use of marijuana, it would not necessarily provide a basis to infer that her functioning would change materially. Accordingly, the court finds that the record was insufficient to support the ALJ's determination that Price's drug addiction was a contributing factor material to the determination of disability. And, thus, the court finds that remand is appropriate. *See Salazar*, 468 F.3d at 623-24; *Lewis*, 2010 WL 4718792 at *6.

## VI. CONCLUSION

For the foregoing reasons, the court GRANTS Price's motion and DENIES Astrue's motion. The matter is remanded for further proceedings consistent with this order.

This disposes of ECF Nos. 12 and 16.

Dated: September 20, 2012

_____
LAUREL BEELER
United States Magistrate Judge